IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE FED. R. CIV. P. 45 SUBPOENAS ISSUED TO ANGEION GROUP, LLC<br><br>*Pertaining to*<br><br>IN RE: AETNA INC. LITIGATION | MISCELLANEOUS ACTION<br><br>NO. 20-0006<br><br>(Civil Action No. CV 19-04035 JFW (C.D. Cal) |

**PAPPERT, J.**                                                                                          March 23, 2020

**MEMORANDUM**

Nonparty Angeion Group, LLC moves to quash two subpoenas issued by KCC Class Action Services, LLC seeking the production of documents and deposition testimony. Angeion challenges the subpoenas on several grounds, arguing that among other things, the subpoenas lack relevance to the underlying litigation, seek the disclosure of protected health information and impose an undue burden on a nonparty. The Court grants the Motion for the reasons that follow.

I

In 2014 and 2015, Aetna was sued in two uncertified class actions claiming it violated the privacy of its insured HIV patients by requiring them to receive medication through the mail. *See Doe v. Aetna, Inc.*, No. 14-cv-2986 (S.D. Cal); *Doe v. Coventry Health Care, Inc.*, No. 15-cv-62685 (S.D. Fla.) (collectively "Doe Actions"). Aetna settled the Doe Actions, and as part of that settlement agreement, Aetna agreed to mail notices to its insured patients informing them that they were no longer required to receive HIV medication through the mail. (Mot. to Quash 2, ECF No. 1.) Aetna hired KCC Services

1

as its settlement administrator in the Doe Actions, which involved KCC Services mailing the notices. (*Id.*) The envelopes used for these mailings are alleged to have contained large clear windows, which made visible the instructions regarding how patients could now obtain their HIV medication. (*Id.*)

In 2017, Andrew Beckett (who was a settling plaintiff in the Doe Actions) sued Aetna, alleging that protected health information and confidential HIV-related information were improperly disclosed as a result of the mailings in the Doe Actions. *See Beckett v. Aetna, Inc., et al.*, No. 2:17-cv-03864-J.S. (E.D. Pa.); *S.A. v. Aetna, Inc.*, No. BC674088 (Cal. Super. Ct. Aug. 28, 2017) (collectively "Beckett Action"). Aetna settled the Beckett Action. In October of 2018, the district court entered an order approving the settlement agreement, which named Angeion the settlement administrator. (Mot. to Quash 7.)

Aetna then sued KCC Services seeking indemnification for costs of the settlement in the Beckett Action on the theory that KCC Services was responsible for the botched mailings in the Doe Actions. *See* (Mot. to Quash 8); *In Re Aetna Inc. Litigation*, No. 19-04035-JFW (C.D. Cal.) ("Aetna Action"). With the Aetna Action now pending in the U.S. District Court for the Central District of California, KCC Services served two subpoenas on nonparty Angeion seeking information related to the administration of the Beckett Action settlement agreement.

II

Federal Rule of Civil Procedure 26 sets forth the general scope of discovery in civil suits: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Generally, discovery

requests may be curtailed to protect a person from whom discovery is sought from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). In addition, Rule 45 provides corresponding protections for nonparties like Angeion subject to a subpoena. "A non-party may seek from the court protection from discovery via the overlapping and interrelated provisions of both Rules 26 and 45." *In re Mushroom Direct Purchaser Antitrust Litig.*, 2012 WL 298480, at *3 (E.D. Pa. Jan. 31, 2012) (citation omitted). After being served with a subpoena, a nonparty may seek to have it quashed by filing a motion with the court where compliance is required. *See* Fed. R. Civ. P. 45(d). Rule 45(d)(3)(A) describes when a court must quash or modify a subpoena, such as when the request fails to allow an unreasonable time to comply, requires the disclosure of privileged or other protected matter (if no exception or waiver applies), or subjects the nonparty to an undue burden.

"'The serve-and-volley of the federal discovery rules govern the resolution of a motion to quash." *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 234, 239 (E.D. Pa. 2014) (citing *Mycogen Plant Sci., Inc. v. Monsanto Co.*, 164 F.R.D. 623, 625 (E.D. Pa. 1996)). The subpoenaing party must first show that its requests are relevant to its claims or defenses within the meaning of Rule 26(b)(1). *Id.* (citing *Mycogen*, 164 F.R.D. at 625–26). Next, the subpoenaed nonparty must show that disclosure of the information is protected under Rule 45(d)(3). *Id.* (citing *Mycogen*, 164 F.R.D. at 626). If the subpoenaed nonparty claims that the disclosure would subject it to an undue burden, the court considers several factors, including: (1) the relevance of the requested materials, (2) the party's need for the documents, (3) the breadth of the request, (4) the time period covered by the request, (5) the particularity with which the documents are

3

described, (6) the burden imposed, and (7) the recipient's status as a nonparty. *See Garden City Employees' Ret. Sys. v. Psychiatric Sols., Inc.*, 2014 WL 272088, at *4 (E.D. Pa. Jan. 24, 2014). Further, a "court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on a non-party." *In re Domestic Drywall*, 300 F.R.D. at 239 (quotation omitted).

III

KCC Services fails to meet its initial burden because its requests in both subpoenas are not relevant to the underlying lawsuit between it and Aetna. KCC Services argues that the information it seeks from Angeion is relevant to its "voluntary payment doctrine" defense, which requires the party seeking indemnity, without a judgment to pay, to overcome "the burden of demonstrating that it was actually or at least potentially liable on the underlying claim and that the settlement amount was reasonable." *In re Cossu*, 410 F.3d 591, 595 (9th Cir. 2005); 41 Am. Jur. 2d Indemnity § 27 ("To establish a right to indemnification where a case is resolved by settlement, the party must establish that the settlement was reasonable."). Because the reasonableness of the Beckett Action settlement is at issue in the Aetna Action, KCC Services argues that Angeion has relevant information, such as "data on claims rates, amounts paid to claimants, and amounts paid to Angeion." (Resp. 7, ECF No. 12.)

KCC Services' relevance argument fails, however, because the determination of a settlement agreement's reasonableness occurs at the time when the court approves the settlement. *See Isaacson v. Cal. Ins. Guar. Ass'n*, 750 P.2d 297, 309 (Cal. 1998) (en banc) (explaining "determination of the reasonableness of a settlement offer for purposes of a reimbursement action is based on the information available . . . at the

4

time of the proposed settlement"); *see also Spradlin v. GEICO Indem. Co.*, 2019 WL 6481304, at *19 (C.D. Cal. Aug. 1, 2019) (citing *Isaacson*). Angeion's involvement as claims administrator began *after* the court approved the settlement agreement. Information sought from Angeion regarding its administration of claims is therefore not relevant to the reasonableness of the settlement. The Court accordingly grants the Motion to Quash the Subpoenas.[1]

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[1] KCC Services also seeks sanctions against Angeion for failing to appear at its deposition. (Response 13–14, ECF No. 9.) Under Federal Rule of Civil Procedure 37(b)(1), a court may order sanctions against a nonparty deponent who fails to appear at its deposition. *Gen. Ins. Co. of Am. v. E. Consol. Utils., Inc.*, 126 F.3d 215, 220 (3d Cir. 1997). Both Angeion and Aetna also filed cross-motions for sanctions against KCC Services, arguing that its subpoenas impose an undue burden on a nonparty. *See* (ECF Nos. 10 & 11). Specifically, Angeion seeks sanctions under Federal Rule of Civil Procedure 45(d)(1), (Reply 12–14, ECF No. 10), and Aetna, as an interested party, seeks sanctions under Rule 45(d)(1), 28 U.S.C. § 1927 and the Court's inherent authority. (Reply 8, ECF No. 11).

Decisions regarding sanctions motions are "committed to the sound discretion of the district court." *DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 788 (3d Cir. 1974); *see Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007) (explaining decision to impose sanctions is "generally entrusted to the discretion of the district court"). The circumstances present here do not warrant sanctions for either KCC Services or Angeion.